**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 23-CV-81302-ROSENBERG**

OLA M. PLA,

      Plaintiff,

v.

DIOCESE OF PALM BEACH,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Diocese of Palm Beach's Motion to

Dismiss Plaintiff's Complaint or in the Alternative Motion for More Definite Statement. DE 18.

The Motion has been fully briefed.  The Court has reviewed the Motion, the response and reply,

and the record and is otherwise fully briefed.  For the following reasons, the Court **GRANTS** the

Motion and **DISMISSES** the Complaint.

### I.      Factual Allegations

Proceeding *pro se*, Plaintiff has sued her former employer for race discrimination based on

a hostile work environment. *See* DE 1.  She began working for Defendant Diocese of Palm Beach

in 1998.  She alleges that the work environment began to change when the Catholic Church

installed a new Bishop in the Diocese in 2003.  According to her Complaint, the Bishop and other

Diocese officials made hurtful jokes, withheld tenure bonuses, twice gave her a monkey as a gift,

withheld greeting cards, and moved her workspace across the hall from its prior spot. at 4–6; DE

1-2 at 6.  These listed incidents occurred in 2004, 2008, 2009, 2012, 2009, 2014, and 2019. *Id.*

The only incident in 2021 consisted of certain Diocese leadership making comments that likened

her to an old horse that should be taken out to pasture and shot. *Id.*  Plaintiff left her job on March

17, 2022, when she claims certain Diocese leadership gave away her lunch. *Id.* at 6. According to a letter she wrote to the Pope, she filed a complaint with the Employment Equal Opportunity Commission ("EEOC") after she left her employment but before the date of that letter, May 13, 2022. DE 1-2 at 5.

In its Motion, Defendant argues all but one of Plaintiff's examples of discrimination are time-barred and the remaining instance is insufficient to establish race discrimination. DE 18. Plaintiff responded that the withholding of tenure bonuses was a continuing violation. DE 22 at 5.

## II.    Legal Standard

A court may dismiss a complaint that fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though courts afford leniency to *pro se* litigants, that leniency "does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 637 (11th Cir. 2010).

Although Plaintiff checked the box on her Complaint form filed with the Court designating a Section 1983 claim, she otherwise followed the procedure for filing a federal employment discrimination claim; therefore, the Court construes Plaintiff's Complaint as bringing a single claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] The timeliness

---

[1] There is some discussion by the parties as to whether Plaintiff filed her employment discrimination claim under Florida law. *See* DE 18 at 1 (Defendant bases its Motion in part on Plaintiff's failure to meet administrative exhaustion requirements under Florida law); DE 22 at 1–2 (Plaintiff defends herself under Florida law). The Court construes the Complaint as alleging a claim under federal law; Plaintiff's Complaint references a charge under federal law only and includes a right to sue letter from the U.S. Equal Employment Opportunity Commission. DE 1 at 3; 1-2 at 1. Therefore, the Court does not reach Defendant's arguments regarding state law exhaustion requirements.

2

of such an action depends on whether the allegedly unlawful acts are discrete or non-discrete. *Chambless v. Louisiana-Pac. Corp.*, 481 F.3d 1345, 1349 (11th Cir. 2007).

Discrete acts of harassment are separately actionable as unlawful employment practices. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Examples include "termination, failure to promote, denial of transfer, or refusal to hire." *Id.* Causes of action predicated on discrete acts of discrimination must be filed with the EEOC within the applicable limitations period. *Chambless*, 481 F.3d at 1349.

In order for non-discrete acts that occurred outside of the limitations period to be actionable, there must be a related non-discrete act within the limitations period. *Id.* In fact, the Supreme Court held that "the entire time period of the hostile environment may be considered by a court for the purposes of determining liability if an act relating to the claim occurred within the filing period." *Stewart v. Jones Util. & Contracting Co. Inc.*, 806 F. App'x 738, 741 (11th Cir. 2020) (citing *Nat'l R.R. Passenger Corp.*, 536 U.S. at 103). The Eleventh Circuit interpreted the ruling in *National Railroad Passenger Corporation* to "essentially reject[] the continuing violation doctrine and simplified the law by allowing courts to view allegations of a hostile work environment as a single unlawful employment practice." *Shields v. Fort James Corp.*, 305 F.3d 1280, 1281–82 (11th Cir. 2002) (internal quotation marks omitted). Therefore, so long as one allegation of the unlawful employment practice— even if it is a relatively small incident— occurred within 180 or 300 days of a plaintiff filing their EEOC complaint, a court should examine the entire hostile work environment period. *Stewart*, 806 F. App'x at 741; *see also Thomas v. Fla. Power & Light Co.*, 764 F.2d 768, 769 (11th Cir. 1985) (holding that race discrimination complainants have 300 days to file their EEOC complaint if they also institute proceedings with a state agency that also can grant relief for race discrimination).

When analyzing claims, a court must remember that Title VII is not "a general civility code" but is directed at discrimination based on protected characteristics. *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 75 (1998). A plaintiff must plead sufficient facts to show, in relevant part, the harassment was so "severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). A plaintiff must plead that a "work environment is both subjectively and objectively hostile." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1249 (11th Cir. 2014). The objective level of harassment is a circumstantial determination considering the discriminatory conduct's frequency, severity, whether physically threatening or humiliating, offensiveness, and whether it "unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993). It is well-settled that the terms and conditions of employment are not altered by "teasing, offhand comments, and isolated incidents (unless extremely serious)." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

### III.    Analysis

The Court first distinguishes between alleged discrete and non-discrete acts. The withholding of tenure bonuses is a discrete act, while jokes, gifts, moving an office, and the like are non-discrete acts. The last tenure bonus due to Plaintiff was in 2018.[2] A failure to receive a tenure bonus is a discrete act, such that after each failure to receive the bonus, Plaintiff had 180 days to file an EEOC complaint.[3] Plaintiff's EEOC complaint was filed in 2022, well after the

---

[2] Plaintiff alleged that tenure bonuses were given based upon five-year tenure increments. DE 1-2 at 6. Plaintiff commenced her job with the Diocese on September 1, 1998. *Id.* at 13. She left her job on March 17, 2022. *Id.* at 6. Therefore, Plaintiff would be due tenure bonuses in 2003, 2008, 2013, and 2018.

[3] Plaintiff's Complaint only referenced a EEOC complaint and not a state claim. Therefore, the timeliness of her complaint is analyzed according to the 180-day window.

180-day period expired for each withheld tenure bonus.  Consistent with the holding in *National Railroad Passenger Corporation*, Plaintiff's complaint regarding her withheld tenure bonuses is time-barred and, therefore, cannot form the basis for her hostile work environment claim. 536 U.S. 101, 114 (2002).

Turning to the non-discrete acts alleged, the sole non-discrete allegation within the 180-day window of Plaintiff's EEOC complaint is that two members of Diocese leadership, Father Brian King and Father Albert,[4] gave her lunch away.  Nothing about Plaintiff's allegations regarding this incident indicates that Father King and Father Albert acted this way due to Plaintiff's race.  Further, Plaintiff's allegations of previous events between her and Father King and Father Albert do not give rise to an inference of race discrimination.  Father King, in 2008, allegedly described as "trash" a t-shirt picturing President Obama and Vice President Biden and, later in 2021, joking about Plaintiff's mismatched socks with Father Albert. DE 1 at 4–5.  When Father Albert saw the joke hurt Plaintiff's feelings, he returned the next day with a gift of mismatched socks. *Id.*  Then in 2021, when Father King saw Plaintiff walking gingerly while experiencing back spasms, he told her that if she was a horse, he would take her out to pasture and shoot her. *Id.* at 6.  Because Plaintiff has not provided facts to show that they would have acted differently were she not Black, the Court does not find the intentional giving away of Plaintiff's lunch—though in poor taste—to be a plausible instance of racial discrimination.

Even if the incident involving Plaintiff's lunch rises to the level of a timely allegation of a hostile work environment, her allegation is insufficient to state a claim.  The only other incidents that Plaintiff plausibly has tied to her race were the 2008 and 2012 incidents in which the Chancellor Lorraine Sabatello gave her a monkey while all other female staff received a different

---

[4] Father Albert's last name was not included in the Complaint.

gift.  These alleged three instances over more than twenty years are neither frequent or severe enough nor physically threatening or humiliating to plausibly state a legal claim.

In conclusion, the Court finds Plaintiff has not sufficiently pled a plausible hostile work environment claim.  However, since Plaintiff is proceeding *pro se*, the Court will afford her the opportunity to amend her Complaint to state a sufficient claim for Title VII race discrimination provided she is able to do so.

It is therefore **ORDERED AND ADJUDGED**:

- Defendant's Motion to Dismiss, DE 18, is **GRANTED**.  The Court **DISMISSES** the Complaint against Defendant.

- Plaintiff's Renewed Motion to Appoint Counsel, DE 27, is **DENIED**.

- Plaintiff's Motion to Appoint Counsel and Appoint a Mediator, DE 28, is **DENIED**.

- Defendant's Motion to Stay Discovery, DE 29, is **GRANTED.**

- Plaintiff has until February 22, 2024 to file an amended complaint that addresses the aforementioned deficiencies.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of February, 2024.

Copies furnished to:                    ROBIN L. ROSENBERG
Counsel of record                       UNITED STATES DISTRICT JUDGE